**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 11-4178**

─────────────

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

THOMAS JARRELL SHOFFNER,

                Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:10-cr-00027-NCT-1)

─────────────

Submitted:  November 10, 2011     Decided:  November 30, 2011

─────────────

Before SHEDD, DUNCAN, and WYNN, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

C. Burell Shella, C. BURELL SHELLA, PC, Durham, North Carolina, for Appellant.  Lisa Blue Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Jarrell Shoffner appeals his thirty-month sentence for possessing a firearm as an unlawful drug user or addict, in violation of 18 U.S.C. §§ 922(g)(3), 924(a)(2) (2006). Shoffner's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he states that he could identify no meritorious issues for appeal, but requests that the court review Shoffner's sentence for error.[*] Having reviewed the record, we affirm the judgment of the district court.

This court reviews a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). We first ensure that the district court committed no significant procedural error, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C. § 3553(a) (2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Id. If no procedural error was committed, we review the sentence for substantive reasonableness, taking into account the "totality of the

---

[*] Despite receiving notice of his right to file a pro se informal brief, Shoffner has not done so. The Government has elected not to file a brief.

circumstances." Id. In this respect, "an appellate court must defer to the trial court and can reverse a sentence only if it is unreasonable, even if the sentence would not have been the choice of the appellate court." United States v. Evans, 526 F.3d 155, 160 (4th Cir. 2008) (emphasis in original). A sentence that falls within a properly calculated Guidelines range is presumptively reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

Our review of the record reveals that Shoffner's within-Guidelines sentence is reasonable. We discern no error with respect to the district court's computation of the applicable Guidelines range, the opportunities it provided Shoffner and his counsel to speak in mitigation, or its explanation of the sentence imposed by reference to the factors enumerated in § 3553(a). Nor does the record demonstrate any reason to disturb the presumptive substantive reasonability of Shoffner's within-Guidelines sentence. Allen, 491 F.3d at 193.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the judgment of the district court. We also deny Shoffner's pending pro se motion to substitute counsel, as well as counsel's pending motion to withdraw. This court requires that counsel inform Shoffner, in writing, of the right to petition the Supreme Court of the United States for

3

further review.  If Shoffner requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may renew his motion for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Shoffner.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED